# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEROME ROSS, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) Complaint for Violation of Civil Rights and |
| | ) Supplemental State Claim |
| Village of Posen, Posen Police Officer Grayer, Star No. 23, Unknown and Unnamed Police Officers, Village of Calumet Park, | ) **JURY DEMANDED** |
| Defendants. | ) |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1331, 1343, and 1367.

2. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times mentioned herein, Plaintiff JEROME ROSS ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this Court.

4. At all times mentioned herein, Posen Police Officer Grayer, Star No. 23 ("Grayer"), and Unknown and Unnamed Police Officers (collectively "Defendant Officers") acted under the color of state law. Grayer was employed by the Village of Posen Police Department as the employee, agent, or representative of the Village of Posen Police Department. Unknown and Unnamed Police Officers were employed by either the Village of Posen or the Village of Calumet Park Police Department as employees, agents, or representatives of either the Village of Posen or

the Village of Calumet Park Police Department. Plaintiff is suing Defendant Officers in their individual capacities.

5. At all times mentioned herein, the Village of Posen was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times material, the Village of Posen maintained, managed, and/or operated the Posen Police Department.

6. At all times mentioned herein, the Village of Calumet Park was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times material, the Village of Calumet Park maintained, managed, and/or operated the Calumet Park Police Department.

## FACTUAL ALLEGATIONS

7. On or about June 1, 2022, at all times material, Plaintiff was inside his legally parked vehicle in a parking lot in Posen, Illinois.

8. Defendant Officers surrounded Plaintiff's vehicle.

9. Plaintiff opened the door and put his hands up when a Defendant Officer said, "Don't do it motherfucker" and pulled Plaintiff out of the vehicle.

10. There was no legal cause to pull Plaintiff out of his vehicle.

11. Plaintiff was then handcuffed and detained and/or arrested.

12. There was no legal cause to handcuff and detain and/or arrest Plaintiff.

13. Plaintiff was then searched, had his wallet taken out of his pocket, and had personal documents taken out of his wallet.

14. There was no legal cause to search Plaintiff, take his wallet out of his pocket, search his wallet, or take any documents out of his wallet.

15. Plaintiff's vehicle was searched, but no contraband was found.

2

16. There was no legal cause to search Plaintiff's vehicle.

17. There was no legal cause to pull Plaintiff out of his vehicle, handcuff him, search him, take his wallet out of his pocket, search the wallet, take any information out of his wallet, or search his vehicle.

18. Plaintiff received his belongings and was released without any charges, indicative of his innocence.

19. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

20. The actions and/or omissions mentioned above by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

21. By reason of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff retained an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### PLAINTIFF AGAINST DEFENDANT OFFICERS FOR WRONGFUL DETENTION AND/OR ARREST IN VIOLATION OF THE FOURTH AMENDMENT

22. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (2) hereat as though fully set forth at this place.

23. Defendant Officers deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

24. The arbitrary detention and/or arrest of Plaintiff violated his Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiff's rights by surrounding him while he was in his vehicle, pulling him out of his vehicle, and handcuffing him. Defendant Officers unlawfully detained and/or arrested Plaintiff without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFF AGAINST DEFENDANT OFFICERS FOR UNREASONABLE SEARCH OF PLAINTIFF AND HIS VEHICLE IN VIOLATION OF THE FOURTH AMENDMENT

25. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

26. Defendant Officers deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

27. The arbitrary intrusion by Defendant Officers into the security and privacy of Plaintiff and his vehicle violated Plaintiff's Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiff's rights by searching Plaintiff, his belongings, and his vehicle without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III

## PLAINTIFF AGAINST THE DEFENDANTS FOR THE STATE LAW CLAIM OF FALSE IMPRISONMENT/ARREST

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

29. Defendant Officers intended to and did confine Plaintiff within fixed boundaries.

30. Plaintiff was conscious of the confinement mentioned above and/or harmed by it.

31. Defendant Officers violated the law by falsely imprisoning/arresting Plaintiff.

32. Plaintiff was damaged emotionally and otherwise from the unlawful acts of Defendant Officers.

33. The Villages of Posen and Calumet Park are liable pursuant to *respondeat superior*.

34. Plaintiff's imprisonment/arrest was unnecessary and unreasonable. Therefore, the Defendants are liable for the supplemental state law claim of false imprisonment/arrest.

**WHEREFORE**, Plaintiff, JEROME ROSS, by and through his attorneys, Ed Fox & Associates, Ltd., request judgment as follows:

1. Defendants pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. Defendants pay Plaintiff's special damages;

3. Defendants pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. Defendants, except the Villages of Posen and Calumet Park, to pay punitive and exemplary damages in a sum to be ascertained;

5. Defendants pay Plaintiff's costs of the suit herein incurred; and

6. Plaintiff have such other and further relief as this Court may deem just and proper.

BY: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com